# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TAIT OTIS PURK,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C15-0129-LRR<br>No. CR03-0085-LRR<br><br>ORDER REGARDING<br>28 U.S.C. § 2255 MOTION |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). The movant filed such motion on November 17, 2015. The movant filed a supplement (civil docket no. 9) on July 8, 2016. In his § 2255 motion, the movant claims that he is entitled to relief under the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Given the parties' plea agreement, the validity of the movant's convictions in the instant case, the movant's criminal history and the sentencing record, the court finds that it is appropriate to apply the concurrent sentence doctrine, which applies if not all concurrent sentences are attacked and success on the claim at issue does not call into question the overall term of imprisonment. *See United States v. Olunloyo*, 10 F.3d 578, 581 (8th Cir. 1993); *United States v. Smith*, 601 F.2d 972, 973-74 (8th Cir. 1979); *United States v. Martinez*, 573 F.2d 529, 532 (8th Cir. 1978); *see also Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (explaining that movant already had been afforded fair procedure and it is a "basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is

in excess of that authorized by law" (citing *United States v. Addonizio*, 442 U.S. 178, 184 (1979))); *Olten v. United States*, 565 F. App'x 558, 561 (8th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1893 (2015) (concluding that relief under 28 U.S.C. § 2255 is inappropriate where the same sentence "could be reimposed were [the movant] granted the § 2255 relief he requests.").[1] At this point, the validity of the movant's sentence under count 1, which relates to a controlled substance conviction under 21 U.S.C. § 841(a), is not in question and any possible relief he might someday obtain on such conviction is too speculative, and, thus, it is highly unlikely that he would be substantially prejudiced or exposed to a substantial risk of adverse collateral consequences if the court does not address the merits of his concurrent sentence of 188 months imprisonment under 18 U.S.C. § 924(e). Because it is appropriate to decline to address the validity of the movant's concurrent sentence under count 3 in light of the record, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket nos. 1 & 9) is denied. Additionally, a certificate of appealability will not issue. *See generally* 28 U.S.C. § 2253.

Because another attorney filed an appearance on behalf of the movant, the motion to withdraw as attorney (civil docket no. 11) is granted. As for the movant's other pending motions, the manner in which the court resolved the movant's § 2255 motion renders them moot. Accordingly, the motion to amend/correct (civil docket no. 14) and

---

[1] The court notes that the movant is unable to advance non-Armed Career Criminal Act claims as a result of procedural obstacles. *See, e.g.*, *Raybon v. United States*, No. 16-2522, 2017 U.S. App. LEXIS 15029, 2017 WL 3470389, at *2-3 (6th Cir. Aug. 14, 2017) (concluding movant could not rely on statute of limitation as set forth in 28 U.S.C. § 2255(f)(3) because *Johnson* did not recognize a new "Constitutional right not to be sentenced as a career offender under the residual clause of the mandatory Sentencing Guidelines").

motion to file supplemental brief (civil docket no. 19) are denied.

**IT IS SO ORDERED**.

**DATED** this 15th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA